```
            IN THE UNITED STATES DISTRICT COURT
               WESTERN DISTRICT OF ARKANSAS
                    FAYETTEVILLE DIVISION

HARLEYVILLE MUTUAL INSURANCE CO.                        PLAINTIFF

    vs.                 CASE No. 05-5048

STEVE VANOVER, et al.                                  DEFENDANTS
```

**MEMORANDUM OPINION**

Now on this 8th day of February, 2006, comes on to be considered **Plaintiff's Motion for Summary Judgment (Doc. 20)**. The Court, being well and sufficiently advised, finds and orders as follows with respect thereto:

**BACKGROUND**

1.  There is currently pending in the Circuit Court of Madison County, Arkansas, a lawsuit (the "state court action") filed by separate defendants Steve Vanover, Kellie Vanover, Kody Vanover, Kaden Vanover and Kaitlyn Vanover (the "Vanovers") against:

    *   separate defendant, Charles Gurley, d/b/a Gurley's Heating & Air Conditioning ("Gurley);

    *   separate defendant, Bill Madison ("Madison"); and

    *   separate defendant, Mark Reeves ("Reeves")

    In their suit, the Vanovers claim, *inter alia*;

    ^ that Gurley improperly designed and installed a heating and air conditioning unit and accompanying duct work in their residence;

1

^   that Madison, with whom they had contracted to supervise the construction of their residence, failed to ensure that the system was properly designed and installed; and

^   that Reeves, who subsequently purchased Gurley's company (Gurley's Heating & Air Conditioning), failed to properly inspect, maintain, and repair the system.

2.  Plaintiff herein, Harleyville Mutual Insurance Co. ("Harleyville"), is currently defending Reeves, its insured, in the state court action brought by the Vanovers.  Now, in this action, Harleyville seeks a declaratory judgment that, in fact and law, the insurance policy it issued to Reeves provides no coverage for any injuries or damages sustained by the Vanovers.  In this suit, Harleyville names its insured, Reeves, as a defendant as well as the other defendants mentioned.

Harleyville shows to the Court and the Court's file shows:

(a)   that **Reeves** was properly served with the summons and complaint in this case; that he failed to respond; that the Clerk of the Court entered a default against Reeves on September 20, 2005; that Harleyville subsequently moved for entry of a default judgment against Reeves; and that the Court denied the motion without prejudice pending the resolution of this case against the other defendants  (Doc. 12, 15, 16);

(b) that, apparently, Madison is deceased and that a summons issued for **The Estate of Bill Madison** has apparently not been served since no proof of service of the same has been filed;

(c) that the **Vanovers** have filed an answer to Harleyville's complaint herein; and

(d) that **Gurley** has also filed an answer to said complaint.

3. Harleyville now moves for summary judgment, arguing that under the plain language of the insurance policy, the undisputed facts show that Reeves has no coverage for any of the claims asserted against him in the Vanover lawsuit.

## DISCUSSION

4. The Court will first address the motion with respect to those defendants who have either not been served at all, or who have defaulted after proper service was obtained on them.

(a) **Reeves** -- Entry of summary judgment as against Reeves is inappropriate because he is in default and the issues have not been actually litigated against him. **See Phillips Factors Corp. v. Harbor Lane of Pensacola, Inc.**, 648 F. Supp. 1580, 1582-83 (M.D. N.C. 1986). The relief to which plaintiff is entitled is the entry of a default judgment against Reeves. Id. Accordingly, the Court will **DENY** plaintiff's **Motion for Summary Judgment (Doc. 20)** as to defendant Reeves, but will treat plaintiff's previously filed **Motion for Default Judgment (Doc. 8)** as renewed and will **GRANT** this motion as stated.

(b) **Madison (The Estate of Bill Madison)** -- Harleyville's **Motion for Summary Judgment (Doc. 20)** must be denied as to **The Estate of Bill Madison** since there is no proof of service on such defendant and the Court lacks jurisdiction as to it. However, this defendant, (**The Estate of Bill Madison**), will be **dismissed** as a defendant herein pursuant to Federal Rule of Civil Procedure 4(m).

5. The Court now turns to a discussion of the remaining defendants who have been properly served with process and who have responded to Harleyville's motion for summary judgment.

(a) **Vanovers** -- the Vanovers have filed a response stating that they "have no good faith defense" to the summary judgment motion. (Doc. 27.)

(b) **Gurley** -- Gurley has filed a response stating that plaintiff "has correctly stated the position of [Gurley] ... and [Gurley] takes no other position with ... respect to the appropriateness of summary judgment in this case." (Doc. 26.)

Summary judgment should be granted when the record, viewed in the light most favorable to the nonmoving party, and giving that party the benefit of all reasonable inferences, shows that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. **See Walsh v. United States**, **31 F.3d 696 (8th Cir. 1994).** Summary judgment is not appropriate unless all the evidence points toward one conclusion, and is susceptible

of no reasonable inferences sustaining the position of the nonmoving party. **Hardin v. Hussmann Corp.**, **45 F.3d 262 (8th Cir. 1995)**. The burden is on the moving party to demonstrate the non-existence of a genuine factual dispute; however, once the moving party has met that burden, the nonmoving party cannot rest on its pleadings, but must come forward with facts showing the existence of a genuine dispute. **City of Mt. Pleasant, Iowa v. Associated Electric Co-op**, **838 F.2d 268 (8th Cir. 1988)**.

6. Pursuant to Local Rule 56.1, Harleyville has filed a statement of facts which it contends are not in dispute. (Doc. 21.) Neither the Vanovers nor Gurley controvert these facts.

From plaintiff's statement of undisputed facts and the documentation attached in support of plaintiff's motion for summary judgment (Doc. 21 & Exs.), the following facts are made to appear:

(a) Plaintiff issued defendant Reeves a Contractors' Business Owners insurance policy effective for the period from June 1, 2000, to June 1, 2001.

(b) The policy provided, *inter alia*:

> **A. COVERAGE**
>
> 1. **Business Liability**. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily," "property damage," ... to which this insurance applies.

5

> A. This insurance applies only:
>
> (1) To **"bodily injury"** or **"property damage"**:
> (a) That occurs during the policy period; and
> (b) That is caused by an "occurrence."

(c) The policy excluded the following:

> B. **EXCLUSIONS**
>
> 1. **Applicable to Business Liability Coverage** - This insurance does not apply to:
>
> b. "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:
>
> (1) Assumed in a contract or agreement that is an "insured contract"; or
> (2) That the insured would have in the absence of the contract or agreement.
>
> ***
>
> F. **LIABILITY AND MEDICAL EXPENSES DEFINITIONS**
>
> 6. **"Insured Contract"** means:
>
> g. That part of any other contract or agreement pertaining to your business under which you assume the tort liability of another to pay damages because of "bodily injury" or "property damage" to a third person or organization, if the contract or agreement is made prior to the "bodily injury" or "property damage." Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

(d) Gurley, d/b/a Gurley's Heating and Air Conditioning, installed the heat and air unit in the Vanover residence in 1999.

(e) Reeves purchased Gurley's company (Gurley's Heating and Air Conditioning) from Gurley in June 2000, but did not agree to

6

assume liability for any injury or damage caused by the allegedly negligent installation of the heat and air unit in the Vanover residence.

(f)  From October 2001 to March 2003, Reeves attempted to repair the unit several times, but he never had any contact with the Vanovers between June 2000 and June 2001 -- the applicable dates of the policy of insurance.

7.  The facts set out in paragraph 6, above (which are not denied or disputed by either the Vanovers or Gurley), establish that the policy of insurance issued by Harleyville to Reeves does not provide coverage on the claims asserted -- because the said claims are not alleged to have occurred during the period when the coverage was applicable.

The said facts further establish that, even if the claims had occurred during the coverage period, they are excluded from coverage under the exclusionary provisions of the insurance policy. This follows because the facts show that Reeves did not agree to assume tort liability when he purchased Gurley's Heating and Air Conditioning.

## **CONCLUSION**

8.  The Court, therefore, concludes that Harleyville is entitled to summary judgment against the Vanovers and Gurley featuring a declaration that the insurance policy it provided to

Reeves affords no coverage for any alleged injuries or damages they might have suffered as a result of their dealings with Reeves.

**IT IS, THEREFORE ORDERED AND DECLARED:**

\*   that Harleyville's **Motion for Summary Judgment (Doc. 20)** be, and it hereby is, **GRANTED as** against the Vanover defendants and separate defendant Gurley;

\*   that Harleyville's **Motion for Summary Judgment (Doc. 20)** be, and it hereby is, **DENIED** as to defendant Reeves;

\*   that Harleyville's previously filed **Motion for Default Judgment (Doc. 8)** (with respect to Reeves) be, and it hereby is, treated by the Court as renewed and, as such, **granted**;

\*   that Harleyville's **Motion for Summary Judgment (Doc. 20)** will be **denied** as to **The Estate of Bill Madison**; and

\*   that, on the Court's own motion, Harleyville's complaint as against **The Estate of Bill Madison** be, and it hereby is, **dismissed** for lack of proof of service.

**IT IS FURTHER ORDERED** that a separate judgment reflecting the foregoing will be entered contemporaneously herewith.

**IT IS SO ORDERED.**

/S/JIMM LARRY HENDREN
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE